**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARCOS SANTIAGO SOSA-TUFIÑO<br><br>Plaintiff,<br><br>v.<br><br>ÁNGEL L. ADÁN, WARDEN, METROPOLITAN DETENTION CENTER; and CORRECTIONAL OFFICER MOISÉS GONZÁLEZ<br><br>Defendants. | Civil No. 24-1433 (RAM) |

## THIRD AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, counsel for Plaintiff, Marcos Santiago Sosa Tufiño ("Plaintiff" or "Mr. Sosa"), by and through the undersigned, and hereby respectfully states, alleges, and prays as follows:

## JURISDICTION

This is a civil action for violation of inmate rights under the Eighth Amendment of the Constitution of the United States by correctional officers at a correctional facility under the authority of the Bureau of Prisons of the United States. It is brought under Title 28 United States Code Section 1331 and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

[1] This Third Amended Complaint is filed pursuant to the Court's Order entered on April 13, 2026 (ECF No. 75), which authorized Plaintiff to conduct narrowly tailored early discovery under Fed. R. Civ. P. 26(d)(1), limited to identifying Defendant González for purposes of service of process. Through that discovery, the United States identified the correctional officer previously designates as F/N/U González as Moisés González Rodríguez. This amendment substitutes Defendant Gonzalez's true name and asserts no new claims. Since the claims asserted herein arise out of the same conduct, transactions, and occurrences set out in the original Complaint, this amendment relates back to the date of the original pleading pursuant to Fed. R. Civ. P. 15(c).

## PARTIES

Plaintiff, Marcos Sosa Tufiño, a national of Ecuador, was, at all times relevant to this Third Amended Complaint, an inmate serving a sentence of imprisonment imposed by the United States District Court for the Middle District of Florida, Criminal Case No. 17-515, under the custody of the Bureau of Prisons of the United States and housed at the Metropolitan Detention Center at Guaynabo, Puerto Rico. On June 24, 2025, upon completion of his term of imprisonment, Plaintiff was removed from the United States to his native country, Ecuador, where he presently resides.

Defendant Ángel L. Adán (the "Warden") was the Warden of the Metropolitan Detention Center at all times relevant to this Third Amended Complaint. He retired on December 31, 2024. He is sued in his individual capacity. He was in charge of supervising the performance of all correctional officers and responsible for providing for all inmates' needs.

Defendant Moisés González Rodríguez ("Officer González"), was, at all times relevant to this Third Amended Complaint, a correctional officer assigned to Unit 1-C of the Metropolitan Detention Center at Guaynabo, Puerto Rico. He is sued in his individual capacity

## FACTS

1. On May 3, 2018, Plaintiff was sentenced to ten (10) years statutory minimum sentence of incarceration under the custody of the Bureau of Prisons of the United States.

2. In March of 2021, Plaintiff was transferred to the Metropolitan Detention Center at Guaynabo, Puerto Rico and housed in Unit 1-C to continue serving his sentence.

3. On November 22, 2023, Correctional Officer González was in charge of the security in that Unit. Officer González yelled at Plaintiff in front of the other inmates housed in that Unit 1-C that Plaintiff was a SNITCH. This confrontation and information conveyed to other inmates

placed Plaintiff's life in jeopardy. It is well known that snitches are not tolerated in the general population of the penal institution and are beaten and may be killed if the opportunity appears. Precisely, snitches are kept in a special unit within the prison to protect their life from the general population.

4. Afraid of what could happen to Plaintiff, he filed a report with the Warden on December 9, 2023 complaining of the wrongful conduct of Officer González that placed his life in jeopardy. Exhibit A.

5. A month after, on January 8, 2024, the Warden acknowledged Plaintiff's complaint and told him that the event will be investigated. Exhibit B. Nothing was done, either to transfer Plaintiff from that Unit or move Officer González to another Unit.

6. Plaintiff was unable to sleep after that incident afraid of what could happen to him. He managed to convince his cellmates that he was not a snitch.

**LAW**

7. The Eighth Amendment of the Constitution of the United States prohibits the infliction of cruel and unusual punishment. This prohibition applies to the correctional facilities by the State (Title 42 United States Code Section 1983) and Federal Government. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

8. Defendant Officer González called the Plaintiff "a snitch" in front of all his other cellmates knowing that Plaintiff was not a "snitch" and aware of by so doing he was placing Plaintiff's life in jeopardy.

9. Defendant Officer González did it with the intention to cause harm to the Plaintiff. Defendant Officer González did it with the intention to cause fear to the Plaintiff, physical harm by the other inmates and mental anguish.

10. The Warden learned of the incident and did nothing to protect Plaintiff from physical and mental damage. In fact, Plaintiff was not transferred from that Unit where the incident occurred, and Officer González continued working in the same Unit where Plaintiff was housed.

**DAMAGES**

11. Because of the unlawful acts of Defendant Officer González, Plaintiff suffered mental anguish, unable to sleep, afraid for his life, and afraid of a possible physical attack by his cellmates.

12. Plaintiff endured very difficult conditions of confinement after the unlawful act of Defendant Officer González, having been seriously confronted by his cellmates and having to prove to them that he was not a snitch. The suspicion existed for considerable time causing him the rejection from his cellmates and actual fear at all times.

13. Plaintiff suffered mental anguish when he realized that after he filed the Complaint with the Warden of the Metropolitan Detention Center, nothing happened. Plaintiff was not transferred from the Unit where the incident occurred and Plaintiff continued under the supervision of Officer González who increased the persecution of the Plaintiff in the Unit. Plaintiff felt desperation and fear being continuously subjected to the unwarranted actions of Officer González without recourse.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this Third Amended Complaint and order the Defendants, jointly and severally, to pay to the Plaintiff the sum of $100,000.00 for his mental anguish, plus costs and attorneys' fees.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 9th day of September, 2026.

**WE HEREBY CERTIFY** that on this date, the foregoing document was electronically

filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**O'NEILL & BORGES LLC**
*Counsel for Plaintiff, Marcos Santiago Sosa Tufiño*
250 Muñoz Rivera Ave., Suite 800
San Juan, Puerto Rico 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*s/ Salvador J. Antonetti-Stutts*
Salvador J. Antonetti-Stutts
USDC No. 215002
salvador.antonetti@oneillborges.com

*s/ Annie Lorenna Ramírez Hernández*
Annie Lorenna Ramírez Hernández
USDC No. 308706
annie.ramirez@oneillborges.com